25CA1230 Cangemi v Peo 08-06-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1230
Adams County District Court No. 25CV12
Honorable Toni J. Wehman, Judge

---

Thomas Cangemi,

Plaintiff-Appellee,

v.

The People of the State of Colorado,

Defendant-Appellant.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE WELLING
Schock and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

---

Thomas Cangemi, Pro Se

Brian Mason, District Attorney, Ashley Munoz, Senior Deputy District Attorney,
Brighton, Colorado, for Defendant-Appellant

¶ 1     The People appeal the district court's order granting Thomas Cangemi's petition to discontinue his sex offender registration.  We reverse the order and remand the case with directions for the district court to enter an order denying Cangemi's petition.

## I.     Background

¶ 2     In 1994, Cangemi was convicted of public lewdness in New York in violation of New York Penal Law § 245.00 (McKinney 2025).[1] Cangemi subsequently moved to Colorado and registered as a sex offender based on this New York conviction.  *See* § 16-22-103(1)(b), C.R.S. 2025 (providing that "[a]ny person who was convicted on or after July 1, 1991, in another state or jurisdiction, . . . of an offense that, if committed in Colorado, would constitute an unlawful sexual offense," is required to register).[2]

¶ 3     In 2017, Cangemi pleaded guilty to indecent exposure – masturbation, in violation of section 18-7-302(1)(b), C.R.S. 2025, in

---

[1] The record establishes that Cangemi was born in 1964 and the date of the New York offense was in 1993, thus his New York conviction was as an adult.

[2] Cangemi doesn't contest that his conviction for violation of New York Penal Law § 245.00 (McKinney 2025) is an out-of-state conviction that requires him to register pursuant to section 16-22-103(1)(b), C.R.S. 2025.  Because this issue isn't contested on appeal, we offer no opinion regarding it.

Jefferson County, Colorado. He was sentenced to probation in that case, and following his successful completion of that sentence, the Jefferson County Court relieved him of his obligation to register in connection with that conviction. Thus, Cangemi is no longer required to register as a sex offender in connection with his Jefferson County conviction.

¶ 4 In 2025, Cangemi petitioned the Adams County District Court to discontinue his requirement to register as a sex offender in Colorado due to his 1994 New York conviction. *See* § 16-22-113(1.5), C.R.S. 2025 (providing that when the conviction for which deregistration is sought is from a state other than Colorado, a petitioner seeks deregistration by filing a civil case in the district in which the petitioner resides). The People objected on the grounds that Cangemi's 2017 conviction for indecent exposure rendered him ineligible to obtain a deregistration order in connection with his 1994 conviction. As discussed in more detail below, following the hearing, the district court granted Cangemi's petition.

## II. Issue on Appeal

¶ 5 The People contend that the district court erred by granting Cangemi's petition to deregister because Cangemi's subsequent

2

conviction for indecent exposure in 2017 statutorily bars that relief. We agree.

### A.     Standard of Review

¶ 6     We review a district court's order granting a petition to discontinue sex offender registration for an abuse of discretion. *Moore v. 4th Jud. Dist. Att'y*, 2024 COA 48, ¶ 6.  "A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misconstrues or misapplies the law."  *Id.* (citation omitted).

¶ 7     To the extent that this appeal presents issues of statutory interpretation, we review those issues de novo.  *People v. Carbajal*, 2012 COA 107, ¶ 46.  Our primary task when construing a statute is to give effect to the General Assembly's intent.  *Bostelman v. People*, 162 P.3d 686, 690 (Colo. 2007).  "When reviewing the language of a statute, we read words and phrases in context and construe them according to their common usage."  *Id.*  If the statutory language is unambiguous, we look no further than the plain language of the statute.  *Carrera v. People*, 2019 CO 83, ¶ 18.  "In such a situation, the plain meaning rule — the cardinal rule in

the realm of statutory interpretation — is both the first and the last canon and nothing more is required of the judicial inquiry." *Id.*

## B. Analysis

¶ 8     Section 16-22-113 provides the procedure for a person who is required to register as a sex offender to petition for an order to discontinue the registration requirement. As pertinent to this case, a person required to register as a sex offender due to an out-of-state conviction for a sexual offense that "would constitute a misdemeanor" under Colorado law may petition for deregistration "after a period of five years from the date of such person's final release from the jurisdiction of the court for such offense, *if such person has not subsequently been convicted of unlawful sexual behavior* or of any other offense, the underlying factual basis of which involved unlawful sexual behavior." § 16-22-113(1)(c) (emphasis added). And if the district attorney objects to such a petition, the court must conduct a hearing and may grant the petition only if it finds, among other things, that "the petitioner *has not subsequently been convicted of unlawful sexual behavior* or of any other offense, the underlying basis of which involved unlawful sexual behavior." § 16-22-113(2)(f) (emphasis added). Indecent

exposure in violation of section 18-7-302 constitutes "unlawful sexual behavior." § 16-22-102(9)(m), C.R.S. 2025.

¶ 9     Because the district attorney objected to Cangemi's petition, the district court set the matter for a contested hearing. At the hearing, the People admitted into evidence a copy of Cangemi's certified conviction for indecent exposure from 2017. Citing section 16-22-113(1)(c) and (2)(f), the People argued that the district court must deny Cangemi's deregistration petition because his 2017 conviction constituted a "subsequent conviction for unlawful sexual behavior" that barred Cangemi from applying for and the court from granting a deregistration order.

¶ 10    During the hearing, the district court observed that had Cangemi petitioned for deregistration before his 2017 conviction, he would have been eligible to deregister. It also observed that, following his successful completion of the terms of his probationary sentence for the 2017 conviction, the Jefferson County Court terminated his registration requirement in connection with that conviction.

¶ 11    After the hearing, the district court entered a written order granting Cangemi's petition to deregister, concluding as follows:

> [W]hile [Cangemi] did commit a subsequent offense [twenty-three] years after his first offense, this [c]ourt is also considering the ruling of the Jefferson County Court in that case along with the fact that, but for [Cangemi's] failure to deregister before 2017, [he] would not have been deprived of his ability to deregister from the 1994 offense before the subsequent offense. It is irrelevant to the [c]ourt whether the subsequent case occurred within the five-year time period or after that period. What is more relevant to the [c]ourt is the outcome of the subsequent case, and the potentially conflicting result that could arise if this [c]ourt denies this petition for the 1994 case.

¶ 12    While we understand the concerns that led the district court to the decision it reached, we agree with the People that the district court erred by granting Cangemi's petition. The plain language of subsection (1)(c) is clear: a person is eligible to petition for deregistration only "if such person *has not subsequently been convicted* of unlawful sexual behavior or of any other offense, the underlying factual basis of which involved unlawful sexual behavior." § 16-22-113(1)(c) (emphasis added). The plain language of subsection (2)(f) is equally clear that a court may only grant a petition for deregistration if the court finds that "the petitioner *has not subsequently been convicted* of unlawful sexual behavior or of

6

any other offense, the underlying basis of which involved unlawful sexual behavior." § 16-22-113(2)(f) (emphasis added). These two provisions together make it clear that a court can't grant a petition for deregistration if the petitioner was convicted of unlawful sexual behavior after the offense for which he seeks to deregister. *See also* § 16-22-113(3)(c) (providing that "[a]ny adult who has more than one conviction as an adult for unlawful sexual behavior" is subject to a lifetime registration requirement).

¶ 13    The record is clear with respect to four key facts. First, the offense for which Cangemi sought to deregister occurred in 1993 (with the conviction entering in 1994). Second, Cangemi was convicted of indecent exposure in 2017. Third, Cangemi's conviction for indecent exposure constitutes a conviction for unlawful sexual behavior. *See* § 16-22-102(9)(m). Fourth, Cangemi filed his petition to deregister in 2025. Based on these undisputed facts and this timeline, when Cangemi filed his petition, he wasn't eligible to petition to deregister, *see* § 16-22-113(1)(c), and the district court couldn't grant his petition, *see* § 16-22-113(2)(f). Accordingly, the district court erred by granting Cangemi's petition to deregister.

7

¶ 14     Notwithstanding the apparent statutory bar, Cangemi argues that such a result contravenes the General Assembly's intent regarding sex offender registration.  He contends that the General Assembly "has expressly stated that the registration scheme is not intended to impose additional punishment."  While it's true that the General Assembly declared that it wasn't their intent that the public disclosure of information attendant to the registration requirement "be used to inflict retribution or additional punishment," § 16-22-112(1), C.R.S. 2025, that declaration doesn't abrogate section 16-22-113's plain language.

¶ 15     Moreover, in the same statutory provision, the General Assembly declared that "persons convicted of offenses involving unlawful sexual behavior have a reduced expectation of privacy because of the public's interest in public safety" and that "the public must have access to information concerning persons convicted of offenses involving unlawful sexual behavior . . . to adequately protect themselves and their children."  *Id.*  Given the various declarations of purpose animating the General Assembly's adoption of the registration statute, we reject Cangemi's argument

that denying his petition is contrary to the legislative intent of the registration statute.

¶ 16　We acknowledge Cangemi's related argument that it seems unfair that a subsequent conviction for which he is no longer required to register forever bars him from seeking to deregister for an offense that occurred decades earlier. But this is a policy decision reserved for the legislature. Simply put, we must apply the statute as written (subject to constitutional limitations not raised here). *See Moore,* ¶ 17. And in doing so, we conclude that the district court erred when it granted Cangemi's petition to deregister.

## III.　Disposition

¶ 17　For the reasons set forth above, we reverse the district court's order granting Cangemi's petition to deregister and remand the case with directions for the district court to enter an order denying the petition.

JUDGE SCHOCK and JUDGE LUM concur.